**1318**

Mercedes G. MANIERI, wife of and
Tyrell T. Manieri, Sr.

v.

HORACE MANN MUTUAL
INSURANCE COMPANY.

Civ. A. No. 75–1929.

United States District Court,
E. D. Louisiana.

Aug. 17, 1976.

Earl J. Schmitt, Jr., New Orleans, La., for plaintiffs.

Harvey L. Strayan, of Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, La., for defendant.

## REASONS FOR JUDGMENT

CHARLES SCHWARTZ, Jr., District Judge.

Plaintiffs herein, Mercedes G. Manieri and Tyrell T. Manieri, instituted this diversity suit against their automobile insurer, Horace Mann Mutual Insurance Company (Horace Mann) alleging personal injury and damage resulting from the failure of the defendant to compromise certain claims made against Mr. Manieri and his insurer in the Civil District Court for the Parish of Orleans, State of Louisiana.

Defendant has moved to dismiss this suit, or alternatively for summary judgment, alleging that plaintiffs have failed to state a claim recognized by Louisiana law.

On July 31, 1968, Mr. Manieri was involved in a collision between Mr. Manieri's 1966 Chevelle automobile, insured by Horace Mann, and a log-carrying truck owned by W. M. McKinner Transport and/or W. M. McKinner and driven by David Charles Pharris. (Complaint at Article 7). Two passengers in the Manieri vehicle, Joseph Alphonse and Louis M. Zwiefel, were killed as a result of the accident. (Complaint at Article 9).

In 1972 consolidated suits [1] arising out of the 1968 accident were tried in the United States District Court for the Eastern District of Louisiana resulting in large judgments in favor of Mr. Manieri and the heirs of his guest passengers against the owner of the truck and its driver. (Complaint at Articles 8, 10 and 11). However, the same proceeding resulted in the finding that the defendant parties were uninsured. (Complaint at Article 14).

1. Civil Actions 69–709 (Manieri); 68–1968 (Alphonse); 69–43 (Zwiefel).

The 1968 accident also formed the basis of several state court suits. The heirs of the passengers in the Manieri vehicle filed suits in the Civil District Court for the Parish of Orleans[2] alleging negligence on the part of Mr. Manieri and alternatively claiming against Horace Mann under the uninsured motorist provisions of the insurer's policy. (Complaint at Articles 16 and 17). Mr. Manieri also filed suit in the Civil District Court against Horace Mann claiming under the uninsured motorist coverage of his policy.[3] (Complaint at Article 18). These three matters were consolidated for trial by the state court. (Complaint at Article 16). It is defendant's alleged failure to settle the state court suits which forms the basis for the instant claim for damages by the Manieris.

Defendant herein initially sought to dismiss the matter upon the contention that the action was premature as no excess judgment had yet been rendered against Mr. Manieri in State court. However, prior to the argument on the motion, defendant did in fact settle claims against Mr. Manieri by the Alphonse and Zwiefel heirs, obtaining releases of Mr. Manieri from those parties. (See Defendant's Supplemental Affidavit and exhibits). In addition, judgment was rendered, pursuant to a motion for summary judgment by Horace Mann, providing for judgment in favor of plaintiff Manieri for the remainder of the policy limits of the Horace Mann policy after settlement with the Alphonse and Zwiefel Claimants. (Defendant's supplemental exhibits).[4]

Therefore, at the present time, it is undisputed that defendant herein has in fact settled the state claims of the heirs of the Manieri passengers within policy limits and has further obtained releases of Mr. Manieri from those parties, thereby insuring that

no personal judgment can be rendered against Mr. Manieri in those cases. Counsel for plaintiffs concurred in this conclusion at the time of oral argument of the instant motion. However, plaintiffs still oppose the defendant's motion urging that damages are due to the insured, even in the absence of an excess judgment, as the result of the delay by defendant in reaching a settlement as the delay exposed plaintiffs to mental and physical suffering from the prospect of retrial of the matter as well as the necessity of retaining counsel to represent their interests.

In Louisiana, " . . . an insurer may be held liable to its insured *for the excess of the policy limits for which the insured is cast,* where the insurer's failure to accept an offer of compromise within policy limits is not in good faith or is arbitrary under the circumstances." *Younger v. Lumbermens Mutual Cas. Co.,* 174 So.2d 672 (3d Cir.) *writ ref.* 247 La. 1086, 176 So.2d 145 (1965). [Emphasis supplied.]

However, in the instant case, there has been no excess judgment against plaintiffs, nor can one be rendered as a result of the settlements previously discussed. Plaintiff herein has not cited, nor is the Court aware of, any Louisiana jurisprudence supporting the proposition that, in the absence of an excess award, an insured can recover against his insurer for delay in compromising a matter in suit.

Plaintiff has referred to *Ward v. State Farm Mutual Insurance Co.,* C.A. 72–3099, E.D.La., Court of Appeals No. 75–1241 (5th Cir.), as supporting the proposition that an insurer's failure to settle within a given period provides grounds for recovery by the insured. However, a review of the record of that case reveals an absence of support for plaintiff's contention. In *Ward, supra,*

---

2. Civil District Court for the Parish of Orleans Nos. 493–502 (Zwiefel), and 495–107 (Alphonse).

3. Civil District Court for the Parish of Orleans No. 495–963.

4. Apparently there was some problem in connection with plaintiff's acceptance of the funds adjudged due to Mr. Manieri as a result of the

motion for summary judgment. These funds were subsequently deposited into the registry of the Civil District Court (See supplemental exhibits of mover). At the time of the oral argument of this motion, the Court was advised that Mr. Manieri is presently appealing the state court decision in his suit against Horace Mann, however, the grounds of the appeal were not disclosed.

**1320**

there was a 10 day period within which the insurer was requested to settle. However, the request was made by the third party claimant who ultimately obtained a personal judgment against the State Farm insured in excess of the policy limits. In the instant case the request for settlement referred to by counsel for plaintiff was by the insured and not by the third party claimants.

Therefore, in light of the full settlement of the state court claims against plaintiff herein within policy limits and without any liability on the part of plaintiff herein, and in the absence of any authority supporting damages for a delay in settlement, it is the opinion of the Court that defendant's motion should be GRANTED, dismissing plaintiffs' claims against Horace Mann Mutual Insurance Company with prejudice.